IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>ARTHUR EDWARD SUAREZ JR.,<br>KENDRA DEANNE SINGLETARY,<br>DANA MICHAELLE STOKES,<br>TONY EUGENE BAHE,<br>NATHAN ALLEN LEWELLING,<br>KYLA MARISA BRADFORD,<br><br>        Defendants. | Case No. 24-CR-0372-SEH |

**Joint Motion In-Part Requesting the Court to Declare the Case Complex**

The Government and the Defendants, Kendra Singletary and her attorney Taylor McLawhorn, Dana Stokes and her attorney Jason Perkins, Tony Bahe and his attorney Michael Noland, Nathan Lewelling and his attorney Kara Pratt, and Kyla Bradford and her attorney Collin Rockett, move the Court to find this case to be "complex" and thus requiring extended litigation under the provisions of the Speedy Trial Act, 18 U.S.C. §3161(h)(7)(B)(ii). Defendant Arthur Suarez, Jr., and his attorney Kathrine Greubel oppose this *Motion*.

It is further requested that an Order striking the current jury trial settings and all dates in the current scheduling order and to enter an extended scheduling order continuing this

matter for 120 days. In support of this *Motion*, the parties offer as follows:

1. The Indictment in this case alleges a drug conspiracy, seven counts of distribution of methamphetamine, two counts of possession of methamphetamine with intent to distribute, two counts of maintaining a drug-involved premises, and nineteen counts of use of a communication facility in committing, causing, and facilitating the commission of a drug trafficking felony, a forfeiture allegation.

2. Discovery has not yet been produced by the United States. Because of the sheer amount of discovery, the Government is filing an unopposed in-part and opposed in-part *Motion* for a protective order.

3. This case and investigation include communications intercepted pursuant to a Title III order authorizing wire and electronic communications. This particular discovery includes recordings (i.e. monitored calls), line sheets, and transcripts.

4. There is a significant amount of electronically stored information that includes, but is not limited to, data extracted from cellular devices seized during the investigation and video surveillance during the Title III wire.

5. Discovery also includes law enforcement reports, search warrants, evidence seized during search warrants, photos, and forensic reports.

6. Because of the number of defendants coupled with the volume and nature of the discovery to be produced, the parties request the current Scheduling Order be stricken and the trial date to be continued for at least 120 days.

2

7. This case will require an extraordinary amount of time for defense counsel to review, digest, evaluate, consult with each defendant, and investigate the information.

The amount of evidence, the subject-matter of the evidence, and the time necessary to prepare for both production of discovery and review of discovery take this case outside the mainstream of cases for this district. The quantity and complexity of discovery render the prosecution and defense of this case "complex" and therefore warrant an extended pre-trial schedule.

18 U.S.C. § 3161(h) provides that certain "periods of delay shall be excluded in computing the time within which … the trial of any such offense must commence." Periods of delay can include excluded periods "resulting from a continuance granted by the judge…if the judge granted such continuance on the basis of his[/hers] findings that the ends of justice [is] served by taking such action outweigh the best interest of the public and the defendant in speedy trial." 18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act contains provisions to address the atypical, complex case based on the quantity of discovery and the complexity of the case. 18 U.S.C. § 3161(h)(7)(B)(ii) states as follows:

> (B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case, are as follows:
> (ii) Whether the case is so unusual or complex due to …. the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by this section.

For these reasons, the parties will require more time to prepare the case for trial than

can be given with the current schedule.

Based on the foregoing, it is requested that the Court declare the case complex, vacate the current scheduling order, and adopt a scheduling order consistent with the needs of this complex case.

At the time of this *Motion*, Defendants Kenneth Wayne Toney, Osman Rolando Sanchez, and Jeremy Nathaniel Stage remain at large with an active federal arrest warrants.

DATED: 18th day of December, 2024

Respectfully submitted,

CLINTON J. JOHNSON
United States Attorney

*/s/ Mandy M. Mackenzie*
Mandy M. Mackenzie, WA Bar #55836
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119
(918) 382-2700

## Certificate of Service

I hereby certify that on the 18th day of December, 2024, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Kathrine Greubel
*Defense Counsel for Suarez Jr.*

Taylor McLawhorn
*Defense Counsel for Singletary*

Jason Perkins
*Defense Counsel for Stokes*

Michael Noland
*Defense Counsel for Bahe*

Kara Pratt
*Defense Counsel for Lewelling*

Collin Rockett
*Defense Counsel for Bradford*

*/s/ Mandy M. Mackenzie*
Mandy M. Mackenzie
Assistant United States Attorney