IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ARTHUR EDWARD SUAREZ, JR.,<br>KENDRA DEANNE SINGLETARY,<br>DANA MICHAELLE STOKES,<br>TONY EUGENE BAHE,<br>NATHAN ALLEN LEWELLING,<br>KYLA MARISA BRADFORD,<br><br>　　　　　Defendants. | Case No. 24-CR-00372-SEH |

## ORDER

Before the Court is a joint motion to declare this case complex and to extend scheduling order deadlines. [ECF No. 65]. The parties request a continuance of deadlines, including the pretrial conference set for January 21, 2025, and the jury trial set for February 3, 2025. Defendant Arthur Suarez, Jr. opposes the motion and has not executed a speedy trial waiver. [*Id*. at 1]. All remaining defendants who have appeared in the case have executed speedy trial waivers. [ECF Nos. 69,72,73,74,75, 89]. On November 19, 2024, a federal grand jury charged Defendants with drug conspiracy, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(viii), 841(b)(1)(C), 856(b), and 843(d)(1), and further charged 30 additional counts of various other drug-

related crimes. [ECF No. 2]. The indictment also alleges a drug forfeiture allegation, pursuant to 21 U.S.C. § 853. [*Id.*]. Defendants Kenneth Wayne Tony, Osman Rolando Sanchez, and Jeremy Nathaniel Stage have not yet appeared on the Indictment.

The parties ask the Court to declare this matter a complex case under §§ 3161(h)(7)(A) and (h)(7)(B)(ii) of the Speedy Trial Act due to the number of defendants in the case, coupled with the volume and nature of discovery to be produced. [ECF No. 65 at 3]. These sections permit a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. *Id*. The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv). A court may also consider "[w]hether the case is so unusual or so complex," because of "the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial

2

proceedings or for the trial itself within the time limits established by [the Speedy Trial Act.]" *Id.* at § 3161(h)(7)(B)(ii). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." *United States v. Williams*, 511 F.3d 1044, 1048–49 (10th Cir. 2007).

In *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." *Id.* at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. *Id.* at 1272–73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. *Id.* at 1273.

Here, the parties request a continuance under § 3161(h)(7) of the Speedy Trial Act and state that discovery has not yet been produced by the United States. [ECF No. 65 at 2]. The government sought a protective order based, in part, on the sheer volume of discovery. [*Id.*; ECF No. 64 at 4]. The investigation involved communications intercepted under a Title III order,

3

leading to discovery including recordings of monitored calls, line sheets, and transcripts. [ECF No. 65 at 2]. Also included in discovery is a significant amount of electronically stored information, with data extracted from cell phones and video surveillance taken during the Title III wire. [*Id.*]. Discovery further contains law enforcement reports, search warrants, evidence seized during warrants, photos, and forensic reports. [*Id.*]. Thus, based on the nature of the prosecution, number of defendants, and the quantity and complexity of discovery, the Court concludes that this case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(B)(ii).

The Court must also consider the public's interest in a speedy trial because the public has an independent interest in the prompt prosecution of criminal matters, even apart from the defendants' interest in receiving a speedy trial. *Zedner v. United States*, 547 U.S. 489, 501 (2006). The Court finds that strict compliance with the Speedy Trial Act's 70-day deadline would subvert the public's interest in a fair trial of this case. Although the public has a strong interest in a speedy trial of all criminal cases, this interest must be balanced against the defendants' interest of having adequate time to prepare for trial. The Court finds that Defendants Kendra Singletary, Dana Stokes, Tony Bahe, Nathan Lewelling, and Kyla Bradford

4

have executed speedy trial waivers, asking the Court to exclude any period of delay for an ends of justice continuance. Under the circumstances, the defendants' interest in having adequate time to review discovery and prepare for trial outweighs the public's interest in a speedy trial, and the public's interest in the prompt prosecution of criminal matters will not be subverted by granting the defendants' request for a continuance.

**IT IS THEREFORE ORDERED** that the parties' motion to declare the case complex, continue deadlines, and for a new scheduling order [ECF No. 65] is **granted**. This matter is declared complex. All deadlines in the current scheduling order [ECF No. 63] are **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| Notices due: | 4/21/2025 |
| Motions and Objections to Notices due: | 5/13/2025 |
| Pretrial Conferences/Motions Hearing: | 5/20/2025 at 9:15 a.m. |
| Voir dire, jury instructions, stipulations, and trial briefs due: | 5/27/2025 |
| Witness and exhibit lists exchanged between counsel and emailed to courtroom deputy (do not file): | 5/29/2025 at 4:00 p.m. |
| Three hard copy exhibit binders delivered to Court: | 5/29/2025 at 4:00 p.m. |
| Jury Trial: | 6/2/2025 at 8:45 a.m. |

**IT IS FURTHER ORDERED** that the time from February 3, 2025, inclusive, to June 2, 2025, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

5

**DATED** this 6th day of January, 2025.

_Sara Hill_
Sara E. Hill
UNITED STATES DISTRICT JUDGE