IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-CR-372-SEH |
| | ) |
| ARTHUR EDWARD SUAREZ, JR., | ) |
| KENDRA DEANNE SINGLETARY, | ) |
| DANA MICHELLE STOKES, | ) |
| TONY EUGENE BAHE, | ) |
| NATHAN ALLEN LEWELLING, | ) |
| KYLA MARISA BRADFORD, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is the United States' Unopposed In-Part and Opposed In-Part Motion for Protective Order (ECF No. 64). The motion is opposed only by Defendant Arthur Edward Suarez, Jr. The Court conducted oral argument on the motion on January 14, 2025, and issues the following order.

**I.      Factual Background**

On November 19, 2024, the grand jury returned a thirty-one count Indictment against nine defendants, six of whom have now been arrested. The charges against the various defendants include drug conspiracy, possession and distribution of methamphetamine, maintaining a drug-involved premises, and use of a communication facility in facilitating a drug-trafficking crime. The discovery in this case includes grand jury materials, Title III wiretaps, police reports, and video surveillance. According to the United States, the total amount of discovery is voluminous and comprises a terabyte of data storage.

The United States seeks a blanket protective order that places use, disclosure, and dissemination restrictions on all discovery. The United States contends good cause exists for this type of blanket protective based on: (1) the volume of discovery; (2) the vast majority of discovery contains confidential or sensitive material; (3) the discovery includes information provided by cooperators, including video recordings, and "there are known dangers to the cooperators and informants in this case"; and (4) there are members of the criminal organization that are not in custody. ECF No. 64 at 2-3. The United States concedes there is some non-sensitive discovery that need not be subject to restrictions, such as police reports pertaining only to an individual defendant. The United States proposes that such discovery be excepted from the protective order on an individualized basis at the request of defense counsel.

Defendant Suarez ("Suarez") argues the United States has not shown good cause for a *blanket* protective order classifying all discovery as protected material, while conceding there is good cause for a more specific protective order. Suarez argues the protective order must list categories of discovery subject to protection, leaving other non-sensitive materials without restrictions. Suarez argues that any other approach unreasonably burdens his constitutional right to assist counsel in preparing his defense. Suarez's proposed form of protective order delineates categories of protected materials and prohibits Suarez from retaining copies of such materials. Suarez is not, therefore, requesting that he be permitted to retain copies of or other access to protected materials at the jail.[1]

---

[1] Defense counsel modeled the proposed order after the standard form for criminal protective orders used by United States District Judge John Russell. However, counsel modified the form, including omitting the designation between "disclosure material" and "sealed material," and including a prohibition on defendants' ability to copy or retain access to protected materials.

**II.    Analysis**

Federal Rule of Criminal Procedure 16(d)(1) provides that "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." *See also Alderman v. United States*, 394 U.S. 165, 185 (1969) (stating that a "trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect") (citing Fed. R. Crim. P. 16). The party seeking a protective order bears the burden of establishing good cause. *United States v. Tsethlikai*, No. 18-CR-1392-WJ, 2018 WL 3801248, at *2 (D.N.M. Aug. 9, 2018). "Typically, a party can show good cause when it demonstrates that disclosure of the materials will cause a specific and significant harm that outweighs the opposing party's interest." *Id.* Courts should consider the safety of witnesses and others, which provides good cause for restrictions on the discovery. *See* Fed. R. Crim. P. 16(d)(1) advisory committee's note to 1974 amendment ("[I]t is obvious that [a protective order] would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed.").

Blanket protective orders have been routinely entered in criminal cases in this district, largely without objection from defense counsel. Recently, and in this case, federal public defenders have objected to such orders, arguing that the proposed orders are not supported by good cause. Courts have taken different approaches to "blanket" protective orders that fail to delineate any categories of protected discovery. A court in this district permitted a blanket protective order where discovery was voluminous, was in the interest of practicality, and would prevent the need for time-consuming redactions. *See United States v. Aguirre-Diaz*, No. 18-CR-171-4-CVE, 2019 WL 669566, at *2 (N.D. Okla. Feb. 15, 2019) (overruling objection to blanket protective order, where magistrate judge found that case "involve[d] thousands of documents," discovery was voluminous, redactions would be time consuming, and government made showing of danger to

3

witnesses based on in-camera submission). In a more recent case involving a request for a blanket protective order over a defendant's objection, United States Magistrate Judge Susan Huntsman rejected the blanket approach, disagreed that "all material produced by the Government should be treated as confidential," and entered a protective order that specified categories of protected information. *See United States v. Perez*, 23-CR-388-GKF (ECF No. 56 at 1 (Jan. 8, 2024), and ECF No. 61 (Jan. 16, 2024). *See also United States v. Gray*, No. 7:22-CR-1, 2022 WL 822173, at *4 (W.D. Va. Mar. 18, 2022) (holding that blanket protective orders covering all discovery material are generally "overly broad and unspecific").[2]

The United States has not shown good cause for a blanket protective order that extends to non-sensitive discovery materials in this case. As the party producing the materials and seeking to protect information, the United States should generally bear the burden of designating and/or redacting what it deems protected materials in the first instance, rather than producing all discovery under the cover of protection. The burden articulated by the United States during the hearing was that it would take at least two weeks to complete necessary redactions. In this Court's view, this is not sufficient cause for issuance of a blanket protective order over a defendant's objection. As conceded during the hearing, there are non-sensitive materials within the discovery, and the United States cannot show good cause for protecting those materials. Nor is the Court persuaded, in this case, that the interests of efficiency or practicality provide good cause for a blanket protective order, considering Suarez's objection and arguments made in favor of free access to non-sensitive materials.

---

[2] During the hearing, defense counsel also relied on a protective order entered by United States District Judge Sara Hill, the presiding judge here. However, in that case, the United States did not seek a blanket protective order but instead agreed the protective order should be limited to certain categories of material. *See United States v. Presley*, 24-CR-107-SEH (ECF Nos. 26, 27) (Apr. 16, 2024). Therefore, although the Court considered these orders, Judge Hill did not appear to resolve the precise issue presented.

Further, requiring a defendant to seek "non-designation" to avoid a protective order's dissemination restrictions places an unnecessary burden on defense counsel to identify and speculate what the United States deems outside the scope of protection. This also risks that a defendant will be deprived of proper access to non-sensitive material in the interest of practicality or efficiency. The better approach is issuance of a protective order that specifies categories of protected materials, requires the United States to designate materials as protected, and permits a court-governed "de-designation" process if requested by a defendant following a failed attempt at resolution. However, the Court encourages counsel to confer and reach any agreements that may expedite production and reduce burdens on the United States in any particular case.

Although the Court denies the request for a blanket protective order, the United States has shown good cause for entry of a broad protective order that delineates several categories of protected material, based on the United States' interest in protecting witness safety. Without question, this case involves sensitive materials and potential dangers to witnesses. The Court will enter a protective order that is largely consistent with Suarez's proposed protective order and a protective order recently entered by Judge Hill in *United States v. Presley*, 24-CR-107-SEH (ECF No. 27). The Protective Order will apply to all defendants in the case, whether they have appeared or not, unless that defendant seeks relief or modification from this Protective Order.

Therefore, the United States' Unopposed In-Part and Opposed In-Part Motion for Protective Order (ECF No. 64) is **GRANTED IN PART** and **DENIED IN PART**.

DATED this 17th day of January, 2025.

**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**