IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-CR-372-SEH |
| | ) |
| ARTHUR EDWARD SUAREZ, JR., | ) |
| KENDRA DEANNE SINGLETARY, | ) |
| DANA MICHELLE STOKES, | ) |
| TONY EUGENE BAHE, | ) |
| NATHAN ALLEN LEWELLING, | ) |
| KYLA MARISA BRADFORD, | ) |
| | ) |
| Defendants. | ) |

## PROTECTIVE ORDER

Before the Court is the Unopposed In-Part and Opposed-In-Part Motion for Protective Order filed by the United States (ECF No. 64). Following oral argument, the Court issued an order granting in part and denying in part the motion (ECF No. 100). The Court enters this Protective Order consistent with that ruling.

The Court is fully advised as to the nature of this case, the relevant materials, and the applicability of Rule 6(e) of the Federal Rules of Criminal Procedure to certain materials requested by Defendants. The Court finds that the United States must provide all discovery and investigative materials for purposes of the trial of the above-captioned case. The Court further finds good cause for entry of a protective order governing production of certain discovery materials.

The Court ORDERS as follows:

1.  The United States' attorneys are protected if they disclose to counsel for the above, prior to trial, any grand jury materials, which must be disclosed under normal circumstances

pursuant to the dictates of the Jencks Act, 18 U.S.C. § 3500; Fed. R. Crim. P. 16; *United States v. Giglio*, 405 U.S. 150 (1972), and *Brady v. Maryland*, 373 U.S. 83 (1963).

2. The United States shall identify any "Protected Discovery" prior to production to defendants' counsel. The government must identify the Protected Discovery in a way that makes it clear to all counsel and parties involved in this litigation that the information is subject to this order. Where the Protected Discovery consists of a file saved in electronic format, both the file's name and its contents shall indicate that the file contains Protected Discovery subject to this Protective Order.

3. For purposes of this Order, "Protected Discovery" includes: (1) personally identifying information belonging to the defendants, putative and potential victims (whether minors or adults), or witnesses; (2) communications between the defendants and putative and potential witnesses; (3) images, audio recordings, and video recordings of putative and potential witnesses; (4) usernames of putative and potential witnesses; and (5) grand jury materials.

4. Subject to the general obligations of counsel and their agents to protect evidence from disclosure to individuals without a direct interest in this criminal case, the following persons shall have the right to use, copy, and retain Protected Discovery until the conclusion of the litigation: counsel for the defendants and all agents working with counsel for the defendants on this litigation, including, but not be limited to, outside counsel, investigators, paralegals, expert witnesses, and support staff.

5. Counsel for the defendants may retain Protected Discovery following the conclusion of the litigation in accordance with their standard document retention policies.

6. Defendants' access to Protected Discovery shall be limited as follows: defendants may view Protected Discovery during meetings with his/her counsel or any agents working with defendants' counsel on this litigation. Defendants are not permitted to copy or retain access to any

Protected Discovery, nor may defendants use Protected Discovery for any purposes not specifically set forth in this Protective Order.

7. Counsel for defendants, or agents working with defendants' counsel on this litigation, shall be permitted to show Protected Discovery to a witness or potential witness for purposes of preparing the defense of this matter. Witnesses are not permitted to copy or retain access to Protected Discovery, nor may witnesses use Protected Discovery for any purposes not specifically set forth in this Protective Order.

8. Counsel for defendants shall notify any person shown or receiving Protected Discovery of the restrictions in this Order and shall provide a copy of the Order to those recipients.

9. Upon the conclusion of this litigation, counsel for defendants shall ensure that recipients of Protected Discovery return, securely destroy, or delete all copies of the discovery, physical or electronic, to counsel, and that all recipients delete or destroy any electronic links to Protected Discovery.

10. Any dispute over whether evidence constitutes Protected Discovery shall be subject to a good-faith meeting to resolve the dispute. If the parties cannot resolve the dispute, the parties shall bring the dispute to the Court's attention for resolution.

DATED this 17th day of January, 2025.

**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**